DUNBAR & COMPANY *vs.* MIZE *et al.*, administrators.

1. A son-in-law purchased from the husband of his mother-in-law, for value, a lot of land, on October 1, 1865, and on October 7 made a deed of gift to her, containing the following clauses:

"This indenture . . . . witnesseth that the said (grantor), as well as for and in consideration of the love and esteem which he hath and beareth toward said (grantee), as also for the better maintenance, livelihood and support of her, the said (grantee), hath given, granted, aliened, enfeoffed and confirmed, and by these presents doth give, grant, alien, enfeoff and confirm unto the said (grantee), her heirs and assigns, the following parcels of land, to-wit: (describing them), to her, the said (grantee), her heirs and assigns, to the only proper use and behoof of the said (grantee), her heirs and assigns forever. And the said (grantor) for himself, his heirs, executors and administrators, doth covenant and agree to and with the said (grantee), her heirs and assigns, that they shall and lawfully may, from time to time and at all times hereafter, peaceably and quietly have, hold, use, occupy, possess, enjoy the aforesaid premises, lands and tenements hereby granted and confirmed, free, clear and fully discharged, or well and sufficiently saved, kept harmless and indemnified of firm aid against all former and other gifts, grants, bargains, sales, etc., and against all former and other titles, whatsoever had, done or suffered, or to be had, done or suffered by him, the said (grantor), his heirs and assigns, or any other person or persons:"

*Held*, that such deed conveyed a separate estate to the grantee.

2. The questions of fraud or no fraud, and of notice to the mortgagees of the deeds, were fully presented to the jury by the court; the jury passed upon them, the presiding judge was satisfied, and this court will not interfere.

October 2, 1884.

Deeds.  Title.  Estates.  Husband and Wife.  Fraud. Before Judge FORT.  Sumter Superior Court.  October Adjourned Term, 1883.

A mortgage *fi. fa.* in favor of T. J. Dunbar & Company against William Mize was levied on a lot of land, which was claimed by Mrs. Mize, the defendant's wife.  Originally Mrs. Mize joined her husband in the mortgage, but on a proceeding to foreclose against her, she pleaded that it was the debt of her husband, and the issue was found in

her favor. Mrs. Mize claimed under a deed from one De-Waal, her son-in-law, to her, which is set out in the decision. It was dated October 7, 1865. De Waal had received a deed from Mize, the husband, on October 1, for a valuable consideration. The note which plaintiffs' mortgage was made to secure was dated January 7, 1868.

There was some evidence to show that the deed from Mize to De Waal was not recorded until 1876; that Mize gave in the land for taxation in 1866 and 1867, and that Mrs. Mize did not give it in until 1870.

The jury found the property not subject. Plaintiffs moved for a new trial, one ground of the motion being that the court charged that the deed from De Waal to Mrs. Mize created a separate estate. The motion was overruled, and plaintiffs excepted.

HAWKINS & HAWKINS, for plaintiffs in error.

GUERRY & SON, for defendants.

JACKSON, Chief Justice.

1. This case turns mainly on the single question, does the following deed confer a separate estate on Mrs. Mize:

" STATE OF GEORGIA—Sumter County.

" This indenture, made on the seventh day of October, in the year of our Lord eighteen hundred and sixty-five, between Charles De Waal, of the county of Sumter, and Rebecca J. Mize of the same (she being his mother-in-law): Witnesseth that the said Charles De Waal, as well for and in consideration of the love and esteem which he hath and beareth towards said Rebecca J. Mize, as also for the better maintenance, livelihood and support of her, the said Rebecca J. Mize, hath given, granted, aliened, enfeoffed and confirmed, and by these presents doth give, grant, alien, enfeoff and confirm unto the said Rebecca J. Mize, her heirs and assigns, the following parcels of land, to-wit: lot number two hundred and nine (209), and lot number two hundred and twelve (212), lying and being in the twenty-seventh district of said county aforesaid, together with all and singular the appurtenances thereto belonging to her, the said Rebecca J. Mize, her heirs and assigns, to the only proper use and behoof of the said Re-

becca J. Mize, her heirs and assigns forever. And the said Charles De Waal, for himself, his heirs, executors and administrators, doth covenant and agree to and with the said Rebecca J. Mize, her heirs and assigns, that they shall and lawfully may, from time to time and at all times hereafter, peaceably and quietly have, hold, use, occupy, possess, enjoy the aforesaid premises, lands and tenements hereby granted and confirmed, free, clear and fully discharged, or well and sufficiently saved, kept harmless and indemnified of firm aid against all former and other gifts, grants, bargains, sales, etc., and against all former and other titles whatsoever had, done or suffered, or to be had, done or suffered by him, ·the said Charles De Waal, his heirs and assigns, or any other person or persons. In witness whereof the said Charles De Waal hereunto set his hand and seal the day and year first above written. [Signed]    CHARLES DE WAAL, [L. S.]

" Signed, sealed and delivered in the presence of us: J. G. Q. Stanford, S. S. Douglass, Wm. H. Brewer, J. P.

" GEORGIA—Sumter County.

Clerk's office, Superior Court, recorded in book O, page 474, this April 1st, 1867.                    A. G. RONALDSON, *Clerk.*"

We think that it does. She was the mother-in-law, and a married mother-in-law, of the donor. The consideration is his love and esteem for her, and the gift is for her " better maintenance, livelihood and support." Moreover it is to her " only proper use and behoof." Besides, he covenants and agrees that she " shall peaceably and quietly have, hold, use, occupy, possess and enjoy " the premises. Moreover, De Waal bought the property from Mize, the husband, for value paid him; why should he give it back to her, which in effect was to him then, in 1865, if no words are in the deed creating a separate estate? He bought it the first of October and made the conveyance to Mrs. Mize on the 7th of the same month. Reading together the two deeds strengthens the above construction, which the words themselves authorize. See 16 *Ga.*, 528. Hill on Trustees, 420; 2 Bright's Husband and Wife, 210; 29 Amer. Dec., 101; 2 Kent's Com., 162; Clancy on Rights of Married Women, 15, 30; Code, §2307.

2. The questions of fraud or no fraud, and of notice to the mortgagees of the deeds, were fully presented to the

jury by the court; the jury passed upon them, the presiding judge approved the finding; and we do not in such cases interfere.

Judgment affirmed.